UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHAN JOSE GONZALEZ CASTILLO,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-07728-DAD-JDP<br><br><u>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

Petitioner has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner also filed a motion for a temporary restraining order ("TRO") seeking his immediate release. (Doc. No. 2.)

The court set a briefing schedule and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In addition, respondent was directed to state any opposition it had to the court's stated intention to rule on the underlying habeas petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*) Respondent filed an opposition in which it states that petitioner is being detained pursuant to 8 U.S.C. § 1226(a). (Doc. No. 6 at 5.)

/////

Respondent's response does not object to this court ruling on petitioner's habeas petition based upon the briefing now before the court. (Doc. No. 6 at 1.)

The facts of this case as presented by the parties are as follows. Petitioner is a citizen of Venezuela who entered the United States via its border between Texas and Mexico on or about September 17, 2023. (Doc. No. 6 at 8.) Shortly thereafter, petitioner encountered immigration authorities and was released on his own recognizance. (Doc. No. 6 at 13-14.) According to respondent, as the result of a May 26, 2026 stop in Florida of a vehicle that he was a passenger in, petitioner was placed into immigration custody where he remains. (Doc. No. 6 a 17.) Respondent gives no indication that petitioner has been ordered removed by an immigration judge ("IJ").

The court adopts its reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026), and *Anderson v. Chernut*, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990 (E.D. Cal. Mar. 24, 2026), and finds that respondent's failure to detain petitioner in compliance with the procedures required by § 1226(a), the statute respondent concedes is that pursuant to which petitioner is detained, requires his immediate release. In *Zurita Navarro,* 2026 WL 2294963, at *1, as well as in *Anderson*, 2026 WL 809990, at *2–4, the undersigned set forth the procedures that due process requires be followed when a petitioner is detained pursuant to § 1226(a). Those procedures include a petitioner being provided with an i*nitial* custody determination by an immigration officer whereby a petitioner can demonstrate that his release would not pose a danger or flight risk. Those procedures were not followed here. Respondent notes that petitioner, *post hoc*, declined a bond hearing. (Doc. No. 6 at 28, 31.) Nonetheless, it is undisputed that petitioner did not receive the *pre*-detention hearing that due process required. That failure to provide the due process procedures required for petitioner's current immigration detention to be lawful compels the conclusion that petitioner is entitled to release.

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a. Respondent is ORDERED to immediately release petitioner Johan Jose Gonzalez Castillo, A-File No. 245-238-771, from respondent's custody on the conditions, if any, he was subject to prior to his current detention on or before August 19, 2026;

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the warden of the California City (ICE); and

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 2, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE